[No. 23865.   Department Two.   January 5, 1933.]

*In the Matter of* DEER CREEK.

THE STATE OF WASHINGTON, *Respondent,* v. F. W. HAV-ERLAND *et al., Respondents,* H. H. WOLF *et al., Appellants.*[1]

*James A. Brown* and *T. T. Grant,* for appellants.

*Albert I. Kulzer,* for respondents.

BEALS, J.—Deer creek is a small stream, about twelve miles long, located in Stevens county and flow-ing into the Colville river from the west between the towns of Springdale and Valley.   Measurements of

[1]Reported in 17 P. (2d) 856.

the water in the creek, taken several years ago, show that the volume of the stream ranges, during the irrigation season, from one to fifteen cubic feet per second. The parties to this action own lands bordering on the stream, F. W. Haverland owning a large tract higher up on the stream than the properties of the other parties concerned in this appeal.

This proceeding was instituted pursuant to chapter 117, Laws of 1917, p. 447, Rem. Comp. Stat., § 7351 *et seq.* (the state water code), and acts amendatory thereof. During the year 1921, Big Bend Land Company of Spokane filed with the state supervisor of hydraulics its petition praying that the relative rights of persons claiming the waters of Deer creek be determined. November 29, 1930, the supervisor filed in the office of the auditor of Stevens county a statement of facts in connection with the matter, together with a plan or map of the locality. Under order of the superior court, a summons was issued and the interested parties served. The court also made an order appointing the supervisor as referee. Pursuant to this order, the supervisor gave notice that he would hear the claims of the respective parties at a specified time and place, and the riparian landowners appeared and participated in the hearing before the supervisor.

November 12, 1931, the supervisor filed in the office of the clerk of the superior court his report showing his proceedings in connection with the matter and his findings of fact and conclusions of law in connection with the allocation of the water of Deer creek and his establishment of priorities in connection with the use thereof. Exceptions to this report were filed by certain of the property owners, and a supplemental statement by the supervisor was filed. The matter was then submitted to the superior court, which, after a

hearing, overruled the exceptions (save as to appellant T. E. Willey, in whose favor the report of the supervisor was modified to some extent) and entered a decree confirming the report of the supervisor in all respects, save as above noted. From this decree of the superior court, certain of the interested parties appeal, contending that F. W. Haverland was, by the decree, granted an unlawful preference in the use of the water of the creek, to the prejudice of appellants. Mr. Haverland will be herein referred to as the respondent.

It is admitted that the rights of appellants to use the waters of Deer creek and their respective priority dates have been finally determined by the decree of the superior court. *Hunter Land Co. v. Laugenour,* 140 Wash. 558, 250 Pac. 41. But one question is presented on this appeal, to wit: the proper priority date which should be awarded to the lands owned by respondent. The supervisor and the superior court fixed as this priority date the year 1891, and the decree appealed from grants to respondent the right, with the priority date as of that year, to appropriate for irrigation purposes all of the waters of Deer creek, as against the lands owned by appellants, up to the volume of five cubic feet per second.

Appellants' rights to the use of the waters of the creek became vested in 1904, and they contend that respondent should be awarded a priority date not earlier than 1905. It seems to be clear that, under the decree appealed from, respondent has the prior right to appropriate to the use of his land during the irrigation season the greater portion of the waters of the creek. Respondent's land constitutes one tract, most of which was formerly owned by W. C. Gray, who acquired the same from various owners in 1891 and shortly thereafter, and is known as the "Haverland

Meadows," comprising about eight hundred acres, lying between two ridges, sloping generally toward the north. Deer creek flows through the entire tract from south to north, all of the lands being riparian thereto.

It is probable that, during the early years of the ownership of the land by respondent's predecessors in interest, the flow of water in the creek was greater than at present, and that the bed of the creek was somewhat higher, the same having been lowered by erosion. The natural sub-irrigation of the soil has, therefore, of recent years been decreased, and, to counteract this change in the physical situation, respondent erected a series of check dams, in an attempt to keep the water table at its former level.

It appears from the testimony that Mr. Gray dammed the creek as early as 1891 or 1892, and that the land now owned by respondent, or by far the greater portion thereof, has at all subsequent times received the benefit of water from the creek. During the year 1905, one William Day, who then owned a portion of the land now owned by respondent, posted a notice of appropriation of water, which notice was filed for record October 16, 1906. It appears that Mr. Day constructed a dam and a diversion ditch during or shortly after 1906, the ditch leading the waters of the creek along the easterly side of the meadows, respondent's check dams retarding the flow of water through this diversion ditch so as to irrigate by seepage and flooding the meadow between the diversion ditch and the original channel of the stream. Appellants complain of this, claiming that respondent thereby appropriates the entire waters of the creek, which they contend become lost in his meadows, only the seepage therefrom finding its way back into the main channel. Respondent argues that the only loss is that from evaporation, and that he is entitled to maintain his existing system of

irrigation, which the decree appealed from permits him to do.

It clearly appears from the evidence that the waters of Deer creek were used for the benefit of the land now owned by respondent as far back as 1891, and long before any of these waters were used for the benefit of the lands now owned by appellants. The lands concerned are all riparian to the creek, and we are satisfied that the use of the waters by respondent's predecessors in interest in 1905 and 1906 was merely a continuation of the use initiated long prior to that time. It cannot be held that the notice of appropriation posted in 1905 and filed in 1906 by William Day limited the rights to use of waters of the creek theretofore initiated, or in any essential particular changed the water rights appurtenant or which had theretofore attached to the riparian lands now owned by respondent.

Matters here presented are largely questions of fact on which the state supervisor of hydraulics has made his findings, after what was evidently a full hearing at which all parties concerned presented their evidence. On appellants' exception, a hearing was had before the superior court, which entered the decree appealed from. We are satisfied that, on the facts disclosed by the record and the law applicable thereto, the decree entered was correct, and the same is hereby affirmed.

TOLMAN, C. J., STEINERT, and MAIN, JJ., concur.